People v Khiamdavanh
2026 NY Slip Op 03903
June 18, 2026
Court of Appeals
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People & c., Respondent,
v
Kham Khiamdavanh, Appellant.

Decided on June 18, 2026
No. 56

Melissa K. Swartz, for appellant.
Michael A. LaBella, for respondent.

[*1]
MEMORANDUM:
The Appellate Division order should be affirmed.
A jury convicted defendant of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first degree (id. § 120.10 [1]), and criminal possession of a weapon in the second degree (id. § 265.03 [3]), arising from an altercation at a traffic signal where defendant shot and permanently paralyzed the victim. Defendant asserted a justification defense. Defendant, defendant's son, the victim, and one of the two other men travelling in the victim's car testified to the events. Because the People did not call the third man travelling in the victim's car to testify, defendant requested a missing witness instruction.
County Court denied defendant's request for a missing witness instruction on the ground that the missing witness's testimony would have been cumulative. Defendant challenges that denial as an abuse of discretion. We hold that the court did not abuse its discretion in denying defendant's request.
"The 'missing witness' instruction allows a jury to draw an unfavorable inference based on a party's failure to call a witness who would normally be expected to support that party's version of events" (People v Smith, 33 NY3d 454, 458 [2019], citing People v Savinon, 100 NY2d 192, 196 [2003]). "The charge 'seeks to dispel any [*2]advantage a party may receive when expected to call a particular witness but for strategic reasons does not' " (id., quoting Savinon, 100 NY2d at 197).
In People v Gonzalez, we established a burden-shifting framework with which to evaluate requests for a missing witness charge (68 NY2d 424, 427-428 [1986]). The proponent of a missing witness charge must first "promptly notify the court that there is an uncalled witness believed to be knowledgeable about a material issue pending in the case, that such witness can be expected to testify favorably to the opposing party and that such party has failed to call him to testify" (id.). Once the proponent has satisfied that initial burden, the burden shifts to the opponent "to account for the witness' absence or otherwise demonstrate that the charge would not be appropriate" (id. at 428). As relevant here, the opposing party may establish that the missing witness charge would be inappropriate because the missing witness's testimony would be cumulative (Smith, 33 NY3d at 461 [finding the expected testimony noncumulative where the witness's testimony may have "contradicted or added to" existing record evidence]). If the opponent successfully rebuts the proponent's prima facie showing, "the proponent retains the ultimate burden to show the charge would be appropriate" (id. at 459). We review the trial court's decision on whether to deliver the charge for an abuse of discretion (id. at 458).
The only issue on appeal is whether County Court abused its discretion in determining that the missing witness's testimony would have been cumulative. The People met their burden to show that the missing witness's testimony would have been cumulative by specifically directing the court to the trial testimony and the supporting deposition of the missing witness, which offered a reasonable expectation of how the witness would testify by recounting the witness's observations of the charged conduct. When the court asked defense counsel if she had anything to add to its review, counsel said, "[n]o," thus failing to point to any deficiencies in the missing witness's deposition, inconsistencies with the testimony of the other witnesses, or evidence in the record or elsewhere that might establish noncumulative testimony the missing witness might give FN1. Because defendant requested the missing witness charge after the close of evidence, the court evaluated the request with knowledge of all evidence in the record, including four witnesses' trial testimony and video evidence depicting the encounter from different angles, recorded by two different sources. Under these circumstances, defendant failed to meet his "ultimate burden to show the charge would be appropriate" and the trial court did not abuse its discretion in denying the charge request (Smith, 33 NY3d at 459).
Order affirmed, in a memorandum. Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro, Troutman and Halligan concur.
Decided June 18, 2026

Footnotes

Footnote 1
Defendant raises several hypothetical arguments on appeal contending the missing witness's testimony might have been noncumulative, none of which was raised in the trial court.